IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | |
| | § | NO. 1:07-CR-214 |
| MURPHY JAY BERNARD | § | |

**REPORT AND RECOMMENDATION ON PETITIONS FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed January 14, 2014, alleging that the Defendant, Murphy Jay Bernard, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

Bernard was sentenced on September 9, 2008, before the Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, after pleading guilty to Count 1 (Possession of a Firearm by a Felon, a Class C felony) and Count 2 (Distribution of 5 Grams or More, but Less than 50 Grams of Cocaine Base, a Class B felony). This offense carried a statutory maximum imprisonment term of 10 years as to Count 1, and a maximum imprisonment term of 40 years as to Count 2. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of VI, was 92 to 115 months. Bernard was subsequently sentenced to 92 months' imprisonment as to each count, to be served concurrently, followed by a term of 3 year term of

supervised release (as to Count 1) and 5 year term of supervised release (as to Count 2). The terms of his supervised release were ordered to run concurrently, subject to the standard conditions of release, plus special conditions to include; drug aftercare, financial disclosure, and $200 special assessment.

## II.  The Period of Supervision

On September 9, 2008, Bernard completed his period of imprisonment and began service of the supervision term. On November 3, 2011, Bernard's term of imprisonment was reduced from 92 months to 63 months as to Counts 1 and 2, to be served concurrently. On December 4, 2012, Bernard's conditions of supervision were modified to include 180 days' home detention.

## III.  The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision in this District on January 14, 2014, alleging that Bernard violated a mandatory condition of his supervised release by committing another federal, state, or local crime.

## IV.  Proceedings

On April 29, 2015, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the allegation that he violated a mandatory condition of supervised release that he not commit another federal, state, or local crime. The petition alleges that on November 13, 2013, Bernard was convicted in Jefferson County, Texas, for possession of a controlled substance and subsequently sentenced to 35

years' imprisonment in the Texas Department of Criminal Justice. The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of thirty-three (33) months' imprisonment as to Count Two of his indictment and twenty-four (24) months' imprisonment as to Count One to run concurrently with each other, with no supervised release to follow. This term of imprisonment shall run concurrently with the thirty-five (35) year prison sentence he received in Cause No. 12-15320, *State of Texas vs. Murphy Jay Bernard*.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction, as to Count One, was a Class C felony. Therefore, the maximum imprisonment sentence is 2 years for Count One. The original offense of conviction, as to Count Two, was a Class B felony. Therefore, the maximum imprisonment sentence is 3 years for Count Two.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that Bernard violated conditions of supervision by being convicted in Jefferson County, Texas for possession of a controlled substance, Bernard will be guilty of committing a Grade A violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release. U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade A violation and a criminal history category of VI, the guideline imprisonment range is 24 months as to Count One and 33 to 36 months as to Count Two.

U.S.S.G. § 7B1.3(f) requires that any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Although U.S.S.G. § 7B1.3(f) uses the word "shall," the guidelines are advisory, and all of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. See U.S.S.G. Ch. 7 Pt. A; United States v. Price, 519 F. App'x 560, 562 (11th Cir. 2013).

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking

supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

### VI. Application

The Defendant pled "true" to the allegation that he violated a mandatory condition by being convicted of possession of a controlled substance. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release in each petition.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade A violation, and his criminal history category is a VI. Policy guidelines suggest 24 months as to Count One and 33 to 41 months' imprisonment as to Count Two. However, the original offence of conviction for Count Two was a Class B felony; therefore, the guideline imprisonment range is thirty-three (33) to thirty (36) months.

The Defendant did not comply with the conditions of his supervision. As such, incarceration appropriately addresses the Defendant's violations. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of twenty-four (24) months' imprisonment as to Count One and thirty-three (33) months' imprisonment as to County Two, with no supervised release to follow.

To the extent running this sentence concurrently with his undischarged state term of imprisonment amounts to a variance from the guidelines, the undersigned finds that a guideline variance in warranted for the following reasons: 1.) both Bernard and the Government stipulated to the sentences running concurrently; 2.) Bernard is currently serving a substantial sentence (thirty-five years) for his state charges, and 3.) at the time of his arrest, Bernard possessed a relatively small amount of cocaine (between 1-4 grams of cocaine), which was the only reason for this revocation.

### VII. Recommendations

1. The court should find that the Defendant violated a mandatory condition of supervised release by violating a mandatory condition that he not commit another state, federal, or local crime;
.
2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of twenty-four (24) months' imprisonment as to Count One and thirty-three (33) months' imprisonment as to Count Two to run concurrently with each other, with no supervised release to follow. This term of imprisonment shall run concurrently with the thirty-five (35) year prison sentence he received in Jefferson County Cause No. 12-15320, *State of Texas vs. Murphy Jay Bernard*.

4. The undersigned also recommends that the Texas Department of Criminal Justice be designated as the facility for the Defendant to serve this sentence. In the event his Texas sentence is discharged, the undersigned recommends designating the Federal Correctional Complex in Bastrop, Texas as the place for the Defendant to serve his sentence.

### VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as

recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 7th day of May, 2015.

_____
Zack Hawthorn
United States Magistrate Judge